## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| HERMAN LEE KINDRED, #671207, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:21-cv-166-JDK-KNM |
| | § | |
| BOBBY LUMPKIN, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a Texas Department of Criminal Justice prisoner proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

On May 2, 2021, the Magistrate Judge identified several deficiencies in Plaintiff's complaint, including the improper joinder of unrelated claims, and ordered him to file an amended complaint curing those deficiencies. Docket No. 4. The order expressly cautioned that failure to correct the improper joinder would leave it to the Court's discretion to select which of Plaintiff's claims to review. *Id.* at 4. Plaintiff filed his amended complaint on May 18, 2021. Docket No. 8. On June 3, 2021, the Magistrate Judge issued a Report and Recommendation (Docket No. 18), recommending that Plaintiff's primary claims be dismissed for failure to state a claim or as barred by *Edwards v. Balisok*, 520 U.S. 641 (1997), and that the remaining unrelated claims be dismissed without prejudice as improperly joined. Plaintiff has filed written objections. Docket No. 28.

The Court reviews the findings and conclusions of a Magistrate Judge de novo if a party objects within fourteen days of service of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objection, Plaintiff asserts that Defendants are in default. Docket No. 28 at 2. However, the Defendants have never been served with process in this case, so no responsive pleading from them has been required. *See* Fed. R. Civ. P. 12(a)(1)(A) (setting deadline for responsive pleading after service of summons and complaint). The Defendants are not in default, and this objection is unfounded.

Plaintiff also objects to dismissal "for misjoining reasons" and suggests that it is improper for the Court to "cherry pick" from his allegations because he is not an attorney and should not "be held to the strictures of the courts." Docket No. 28 at 3. But the federal law cited by the Magistrate Judge makes clear that joinder rules are not only applicable to prisoner complaints but are especially important in light of the requirement of the Prison Litigation Reform Act, 28 U.S.C § 1915, that prisoners pay the filing fees for their claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."); *see also Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) (We doubt that Congress intended that § 1915(g) could be so facilely circumvented by the creative joinder of actions."); *Bonner v. Bosworth*, No. 3:10-CV-2150-O-BH, 2010 WL 11534476, at *1–

2 (N.D. Tex. Nov. 30, 2010), *report and recommendation adopted*, No. 3:10-CV-2150-O-BH, 2011 WL 13199228 (N.D. Tex. May 2, 2011) ("Requiring parties to assert unrelated claims against different defendants in separate complaints avoids unduly cumbersome litigation, and in the context of prisoner litigation, ensures that prisoners pay the required filing fees under the Prison Litigation Reform Act."). Plaintiff does not refute or otherwise address that law in his objections. "The Fifth Circuit has discouraged the 'creative joinder of actions' by prisoners attempting to circumvent the fee-payment and three-strikes provisions of the Prison Litigation Reform Act." *Bangmon v. Lance*, No. 3:17-CV-138, 2018 WL 496956, at *2 (S.D. Tex. Jan. 22, 2018) (citing *Patton*, 136 F.3d at 464). Accordingly, district courts in this Circuit have repeatedly applied improper joinder rules to lawsuits filed by prisoners. *See id.* (collecting cases and severing unrelated claims to be dismissed unless prisoner plaintiff agreed to pay two filing fees because "[a]n attempt to file multiple lawsuits in one complaint violates Federal Rules of Civil Procedure 18 and 20"); *Branum v. Clayborne*, No. CV H-05-0229, 2007 WL 9758433, at *4 (S.D. Tex. Apr. 9, 2007) (dismissing some of prisoner's claims without prejudice because "[u]nrelated claims must be filed as separate actions"); *Holleman v. McKee*, No. CIV.A. H-05-0178, 2005 WL 1204214, at *1 (S.D. Tex. Apr. 20, 2005) (holding that inmate who was barred from proceeding IFP "may not tack on allegations that are unrelated"). In another prisoner case in which the plaintiff refused to comply with a court order to amend his complaint to raise only one of his original claims, the court consequently dismissed the entire case. *Schipull v. Dretke*, No. CIV.A. H-05-4104, 2006 WL 2844192, at *1 (S.D. Tex. Sept. 29, 2006) (explaining that inclusion of unrelated claims would "circumvent the PLRA's objectives of deterring frivolous prisoner complaints by requiring a fee payment for each claim and a bar against future litigation if a prisoner files more than three

frivolous complaints" and dismissing because pro se prisoner's "lack of training does not shield him from having to comply with the rules and the orders of the court").

As an inmate who has previously had at least three lawsuits dismissed as frivolous or malicious or for failure to state a claim (*see* Docket No. 3 at 1), Plaintiff falls into the category of prisoner-plaintiffs subject to the most stringent fee requirements. 28 U.S.C. § 1915(g) (severely limiting ability of such inmates to proceed without prepayment of fees). His suggestion that his status as either a prisoner or a layman should avoid the application of the joinder rules is therefore without merit.

Moreover, the claims selected for substantive review by the Court were chosen because they were first in the amended complaint, not because they were "cherry picked," as Plaintiff suggests. The review addressed the merits of Plaintiff's claims against the first named defendant, including the due process and retaliation claims that were the first substantive claims raised in the body of the amended complaint. *See* Docket No. 12 at 1, 3–4, 8–9. Plaintiff's most recent extraneous filing confirms that his due process claims are foremost among his concerns in this lawsuit. *See* Docket No. 31 at 1 ("Explantion [sic] of Documents" asserting that Plaintiff's exhibits "support the facts of due process violations and procedural errors," etc.). Plaintiff's objection does not establish that the Court's review of his first and primary claim(s) was an improper application of Rule 21 of the Federal Rules of Civil Procedure. *See Shafer v. Davis*, No. 2:20-CV-167, 2020 WL 6489094, at *6 (S.D. Tex. Nov. 4, 2020) (reviewing only "Group One" claims and requiring plaintiff to assert other claims in separate civil actions subject to separate filing fees). If Plaintiff preferred to have a different claim considered on the merits by the Court, he had the opportunity to isolate that claim in his amended complaint, which he failed to do. Further, he may still obtain such review of his unrelated claims by presenting them in separate lawsuit(s).

Having reviewed Plaintiff's objections de novo, the Court concludes that the objections are without merit and that the findings and conclusions of the Magistrate Judge are correct. Accordingly, the Court hereby **OVERRULES** Plaintiff's objections (Docket No. 28) and **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 18) as the findings of this Court. It is therefore **ORDERED** that this case is **DISMISSED**. This dismissal is without prejudice as to Plaintiff's due process claim arising from the disciplinary conviction that resulted in the loss of accrued sentence credits and as to any claims other than the due process and retaliation claims reviewed by the Court. In all other respects, this dismissal is with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. All pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **28th** day of **July, 2021.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE